June 9, 2022

Hon. Ronnie Abrams
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *LifeSci Capital LLC v. Revelation Biosciences, Inc.*, No. 22-CV-1411(RA)

Dear Judge Abrams:

The parties jointly submit this letter pursuant to the Court's Order and Notice of Initial Conference, dated February 28, 2022 (Dkt. 6).

### 1.      Nature of the action and principal defenses.

Plaintiff LifeSci Capital LLC (LifeSci), an investment banking firm, is suing defendant Revelation Biosciences, Inc., a biotechnology firm, for $5,319,812. The claim is for unpaid investment banking and advisory fees. LifeSci claims it earned the fees in connection with a merger transaction (the Merger) involving Petra Acquisition, Inc. (Petra), a special purpose acquisition corporation (or SPAC) created and publicly funded for the purpose of finding and merging with a target private company, and the ultimate target company, a biotechnology firm then called Revelation Biosciences, Inc. (Old Revelation). Upon consummation of the Merger (or de-SPAC), Petra was renamed Revelation Biosciences, Inc. (Revelation), which is the defendant in this action.

Revelation's principal defenses and LifeSci's responses are:

(1)      The two agreements upon which LifeSci is suing (Agreements) were interested transactions between Petra (now Revelation) and LifeSci, a principal of which was a director of Petra. The Agreements are not enforceable by LifeSci against Revelation to the extent that they were not properly approved by Petra's disinterested directors and were not entirely fair to Petra.

*Response:  Petra's Agreements with LifeSci were properly approved by Petra. Moreover, any question about authority would make the Agreements voidable not void. Petra did not repudiate them. Instead, it ratified them in its actions and in its publicly filed financial statements, which disclosed the Agreements and acknowledged its liability to LifeSci.*

(2)      LifeSci breached the implied covenant of good faith and fair dealing implied in the Agreements by inducing Petra to close the de-SPAC merger with Old Revelation, despite its knowledge that only LifeSci and other insiders would benefit from the closing of that transaction, thus depriving Petra of the fruits of the purported bargains.  This breach renders the Agreements unenforceable against Revelation.

*Response:  The implied duty of good faith and fair dealing is inapplicable. The transaction risks, potential conflicts, and the amount of fees owed to Lifesci, were disclosed to Petra's shareholders and its Board.*

(3)    In the event LifeSci is entitled to a portion of its claimed fees in stock, any determination of the number of Revelation shares it is to receive must be based on the implied per share value of such shares at the time the merger closed.

*Response:  LifeSci is entitled to equity in Revelation with a value equal to 2.5% of the Total Consideration as calculated under clause 2(b) of the Amendment to Engagement Letter Agreement, dated September 17, 2021. It is based on the total market value of all cash, securities, etc. transferred to the Target (Old Revelation) at the closing. At the closing, 10,500,000 shares were issued to Old Revelation (or its shareholders) at a price of $10 per share. LifeSci thus is entitled to 2.5% of $105,000,000, or $2,625,000 in equity.*

(4)    Revelation is not obligated to pay LifeSci to the extent such payments would result in a violation of the cap on total costs and expenses set forth in § 11.5 of the merger agreement.

*Response: any fee cap is an internal matter between Revelation's board and its shareholders. It does not affect external contract rights. In any event, Revelation has not disclosed how much it paid for Merger costs and expenses.*

Additional context for these defenses and responses appears in "Other Information" below.

## 2. **Jurisdiction and venue.**

The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff (a limited liability company) has the citizenship of its two members: one is a citizen of New Jersey; the other, a citizen of Hawaii. Defendant (a corporation) has the citizenship of its principal place of business (California) and its place of incorporation (Delaware). The amount in controversy requirement is satisfied. Venue and personal jurisdiction are both established because the parties consented to litigating their disputes in this Court under several of the Agreements.

## 3. **Contemplated and/or outstanding motions.**

Lifesci intends to make an early, pre-discovery motion for summary judgment. Summary judgment is appropriate because the terms of the contracts at issue are unambiguous and the material facts are established in Revelation's own public SEC filings. Even if Revelation had a defense relating to the substantive and procedural aspects of the Merger, all relevant information is already in its possession and control, making discovery unnecessary. (The Petra side of the Merger is fully disclosed and, moreover, irrelevant).

Defendant contends that discovery will be necessary, especially with respect to its first two defenses. Accordingly, any summary judgment practice should await the completion of fact discovery.

For example, Revelation intends to seek discovery regarding the process by which the Agreements were approved by Petra's directors, who included a LifeSci representative, and the extent to which they were approved by Petra's disinterested directors.  Revelation also intends to seek discovery regarding LifeSci's efforts to identify a merger partner and close a de-SPAC merger with Old Revelation by a January 13, 2022 deadline.  Had the merger not closed by then, Petra would have been required to liquidate and return to its public investors the entire $73.5 million raised in its October 2020 initial public offering.  In that event, LifeSci would have lost all fees contingent on the merger closing and its affiliates' pre-existing investment in Old Revelation would likely have been impaired.

4. **Discovery that has taken place and/or necessary for meaningful settlement negotiations.**

No early discovery has taken place. LifeSci contends that no discovery is required for the parties to engage in settlement negotiations. Revelation contends that document production regarding Petra's approval of the Agreements may assist settlement negotiations.

5. **Settlement.**

No settlement discussions have taken place.

6. **Estimated length of trial.**

A trial would likely take three to five days. Defendant has demanded a jury trial with respect to issues triable by jury. The advisory agreement at issue contains a jury waiver (Dkt 1-2 at ¶ 13).  The business combination marketing agreement at issue does not (Dkt 1-1 at ¶ 13).

7. **Other information.**

**Defendant offers the following context for its defenses:**

The action involves an unsuccessful SPAC transaction. On October 13, 2020, underwriters led by LifeSci raised $73.5 million in Petra's initial public offering (IPO), the proceeds of which were set aside in trust to be: (1) invested in a merger with a target company yet to be identified, or (2) refunded to any IPO investors who later elected not to invest in the subsequently identified de-SPAC transaction. Petra had until October 13, 2021, one-year from the IPO closing (eventually extended to January 13, 2022), to identify a target and close a merger, failing which it would have to liquidate and return the trust funds to the public investors.

David Dobkin, a managing director of LifeSci, the lead underwriter, was a Petra director. The IPO underwriters were compensated pursuant to two agreements – an underwriting agreement, which is not at issue in this action, and a Business Combination Marketing Agreement (BCMA).  In addition to a 2% spread the underwriters earned under the underwriting agreement on the amount of funds raised in the IPO for deposit in trust, the underwriters were to earn an additional 4% pursuant to the BCMA upon the closing of a de-SPAC merger.  This

additional 4% fee, 52.5% of which would go to LifeSci and the rest to other underwriters, would be payable irrespective of whether any of the IPO proceeds were invested in the de-SPAC rather than withdrawn by IPO participants.  As a result, the underwriters were to be paid 6% of the amount raised in the IPO for deposit in trust, whether or not any of those funds ever became available to capitalize the merged company. LifeSci is seeking fees totaling $1,528,412 under the BCMA based on the $73.5 million deposited into trust in the IPO.

Shortly after the IPO closed, Petra hired LifeSci to identify a merger target and arrange a merger. LifeSci's engagement letter (Agreement) is the second agreement at issue.  It provides that, in the event a de-SPAC merger is consummated, LifeSci is to be paid a cash and stock fee equal to 3.5% of the "Total Consideration." LifeSci claims a $3,675,000 fee under the Agreement. The amount is 3.5% of an assumed $105 million value of Old Revelation's pre-merger equity.  That value was negotiated by LifeSci on Petra's behalf with the target company. As with the BCMA, LifeSci's fee would be payable whether or not any of the IPO proceeds were used to capitalize the company rather than being refunded to the IPO investors.

Petra worked to identify a target and consummate a merger before time ran out. During the first half of 2021, it held merger negotiations with five potential targets. On May 17, 2021, the managing partner of a LifeSci affiliate, LifeSci Venture Partners II, L.P., which was an investor in Old Revelation, introduced Old Revelation's chairman to Mr. Dobkin. The next day, Petra prepared a letter of intent regarding a merger transaction involving Petra and Old Revelation, a final version of which was executed in early July.

Petra and Old Revelation executed a merger agreement on August 29, 2021. The merger agreement negotiated by LifeSci for Petra did not require that any minimum amount of IPO proceeds be invested in the merged company. This allowed the merger to close even if most of the $73.5 million ostensibly raised in the IPO for a de-SPAC merger was withdrawn by IPO investors instead of being made available to capitalize Revelation.

That is what happened. By the time the merger closed on January 10, 2022, the public holders had withdrawn all but $8.3 million of the $73.5 million raised in the IPO. Of that amount, $7.7 million was placed in escrow to fund a stock repurchase to which Revelation had committed to mitigate redemptions. That left only $634,000 from the IPO proceeds – less than 1% – available to pay merger expenses, after which nothing was left to help capitalize the merged company.  On January 4, 2022, four investors paid an additional $4.5 million in Petra to purchase shares from otherwise redeeming IPO investors.  This allowed $4.2 million to be released to Revelation upon the merger closing.

LifeSci is claiming $5.3 million in cash and stock fees for a SPAC transaction that contributed no capital to the merged company. The few IPO investors who did not withdraw effectively paid about $10 per share for their Revelation shares. Their value declined steeply after the closing, and now trade under $1 per share.

**Plaintiff offers the following brief response:**

Conflicts of interest (if any) were fully disclosed and addressed by the Board of Directors for both the acquirer, Petra, and the acquired company, Old Revelation. The history of the Merger and the steps taken to avoid any conflicts of interest are disclosed in the Form S-4 filed by Petra with the SEC on December 31, 2021, including hiring an independent firm to render a fairness opinion.

The directors who unanimously approved the Merger, on both sides, were fully informed of any potential conflicts of interest, took appropriate steps to mitigate them, and closed the transaction notwithstanding the risks and with the advice of counsel—including, for Old Revelation, the advice of Fox Rothschild LLP.

In approving the Merger, all parties knew and approved of the fees due to LifeSci, and the same were disclosed (to the penny) in Petra's and Revelation's public SEC filings. The cash and stock that LifeSci is suing for, worth $5,203,411, is the exact amount that Petra disclosed to shareholders in its Registration Statement, Amendment No. 3 to Form S-4.

That most of the investors in Petra decided to redeem their shares rather than participate in the Merger was a known risk of the transaction. Indeed, it is inherent in any SPAC deal. The current officers and directors of Revelation, its financial advisor, and its counsel were responsible for the decision to merge.

Though Revelation complains that the transaction was "unsuccessful," it bears noting that, while many Petra investors redeemed instead of participating in the Merger, the Merger still benefited Revelation by transforming it into a publicly traded company, with access to the public markets. On January 24, 2022, Revelation raised $7.76 million by selling its common stock in a private placement transaction arranged by Roth (which also advised it in the Merger).

Finally, given the position that Revelation is taking in this case, Fox Rothschild LLP must consider disqualification under RPC 3.7(a) and (b)(1). Not only did it receive some of the supposedly limited Merger expenses, which might be subject to claw back if they exceeded the expense cap, but also Fox Rothschild LLP advised Old Revelation and Revelation on the relevant transactions, presumably including with respect to matters of corporate governance. It was also involved in significant meetings relating to the Merger.

| SOLOMON & CRAMER LLP | FOX ROTHSCHILD LLP |
|---|---|
| *Andrew T. Solomon* | *Mitchell Berns* |
| _____ | _____ |
| Andrew T. Solomon | Mitchell Berns |
| asolomon@solomoncramer.com | mberns@foxrothschild.com |
| 25 West 39th Street, 7th Floor | 101 Park Avenue |
| New York, New York 10018 | New York, New York 10178 |
| (212) 884-9102 | (212) 878-7900 |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |