UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LIFESCI CAPITAL LLC,

                Plaintiff,

-against-

REVELATION BIOSCIENCES, INC.,

                Defendant.
------------------------------------------------------------------------X

Case No. 1:20-cv-1411(RA)

**STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

1. Defendant Revelation Biosciences, Inc. ("Revelation") is the surviving company of a business combination between Petra Acquisition, Inc. ("Petra"), which is Revelation's predecessor company, and Revelation Biosciences, Inc. ("Old Revelation"). The business combination closed on January 10, 2022, pursuant to the terms of the agreement and plan of merger dated as of August 29, 2021 (the "Agreement and Plan of Merger" [1]), Declaration of David Dobkin dated June 17, 2022 ("Dobkin Decl.") at Ex. E (Current Report describing Agreement and Plan of Merger).

2. LifeSci is a FINRA and SEC registered broker dealer. Dobkin Decl. ¶ 2.

3. Petra was a blank check company formed under the laws of the State of Delaware on November 20, 2019 for the express purpose of entering into a business combination with another company. Dobkin Decl. at ¶ 3 and Ex. A.

4. Petra's Chief Executive Officer was Andreas Typaldos and its five-member board included David Dobkin, a Managing Director of LifeSci. Dobkin Decl. at ¶ 4. As CEO, Typaldos had the following authority under Petra's Bylaws[2]:

---

[1] https://www.sec.gov/Archives/edgar/data/1810560/000121390021064987/fs42021a3_petraacq.htm#T522 at Annex A-12.
[2] Available on SEC's website at:
https://www.sec.gov/Archives/edgar/data/1810560/000121390020019100/fs12020ex3-4_petraacqui.htm

> The Chief Executive Officer shall have the general powers and duties of supervision and management usually vested in the office of Chief Executive Officer of a corporation. He shall preside at all meetings of the stockholders if present thereat, and in the absence or non-election of the Chairman of the Board of Directors, at all meetings of the Board of Directors, and shall have general supervision, direction and control of the business of the corporation. Except as the Board of Directors shall authorize the execution thereof in some other manner, he shall execute bonds, mortgages, and other contracts on behalf of the corporation, and shall cause the seal to be affixed to any instrument requiring it and when so affixed the seal shall be attested by the signature of the Secretary or the Chief Executive Officer or their respective Assistants, if any.

5. Petra completed its initial public offering on October 7, 2020, raising $72,781,510 from investors. Dobkin Decl. at ¶ 5 and Ex. B.

6. Pursuant to a letter agreement dated October 7, 2020, Petra engaged LifeSci and three other firms (Ladenburg Thalmann & Co. Inc., Ingalls & Snyder LLC, and Northland Securities, Inc. (collectively, the "Advisors") to assist and advise it in connection with Petra's desire to execute a business combination with one or more other businesses. This letter agreement is referred to as the Business Combination Marketing Agreement or "BCMA." Dobkin Decl. at ¶ 6 and Ex. C; Complaint Ex. A.

7. Under Section 1 of the BCMA, Petra agreed to compensate LifeSci (and the other Advisors) on the following terms:

> (b) As compensation for the foregoing services, the Company will pay the Advisors a cash fee equal to, in the aggregate, 4% of the gross proceeds received by the Company in the IPO (the "Fee"). The Company will allocate 52.5% of the Fee to LifeSci, 10% of the Fee to Ingalls, 22.5% of the Fee to Ladenburg and 15% of the Fee to Northland. The Fee shall be exclusive of any finder's fees which may become payable to the Advisors pursuant to any other agreement between the Advisors and the Company or the Target.
>
> (c) The Fee shall be payable in cash and is due and payable to the Advisors by wire transfer at the closing of the Business

>Combination ("Closing"); provided that the Fee shall not be paid prior to the date that is 90 days from the effective date of the Registration Statement unless the Financial Industry Regulatory Authority determines that such payment would not be deemed underwriters' compensation in connection with the IPO. If a proposed Business Combination is not consummated for any reason, no Fee shall be due or payable to the Advisors hereunder.

8. Pursuant to a letter agreement dated November 3, 2020, Petra engaged LifeSci to provide investment banking and financial advisory services to Petra with respect to Petra's efforts to engage in a "Transaction" with a "Target" (the "LifeSci Engagement Letter"). Both agreements (namely, the BCMA and the LifeSci Engagement Letter) were duly executed by Petra's Chief Executive Officer.  Dobkin Decl. at ¶ 7 and Ex. D; Complaint at Ex. B.

9. LifeSci's efforts produced a viable target company for Petra, namely Revelation Biosciences, Inc. ("Old Revelation"), a life sciences company developing therapeutics and diagnostics for respiratory viral infections, including COVID-19.  Dobkin Decl. at ¶ 8.

10. Effective August 29, 2021, Petra and Old Revelation executed a certain Agreement and Plan of Merger.  Dobkin Decl. at ¶ 9 and Ex. E.[3]

11. On August 30, 2021, Petra, Revelation and Petra Acquisition Merger, Inc. (a wholly owned subsidiary of Petra, created to facilitate the intended merger) issued a joint press release announcing the merger. The press release notified public investors that Revelation would be advised in the merger negotiations by Roth Capital Partners (as financial advisor) and Fox Rothschild LLP and J.P. Galda & Co. (as legal counsel), while Petra would be advised by LifeSci Capital (as financial and capital markets advisor) and Loeb & Loeb LLP (as legal counsel). Dobkin Decl. at ¶ 10 and Ex. E.

---

[3] https://www.sec.gov/Archives/edgar/data/1810560/000121390021046426/ea146771ex2-1_petraacquisit.htm

12. Thereafter, Petra and LifeSci executed an amendment to the LifeSci Engagement Letter, by letter dated September 17, 2021 (the "Amendment to Agreement"). Dobkin Decl. at ¶ 11 and Ex. G; Complaint Ex. C.

13. The Amendment to Agreement contained the following provision concerning LifeSci's right to compensation:

> 2. Paragraphs 6(a) and 6(b) of the [LifeSci Engagement Letter] Agreement are hereby amended by deleting them in their entirety and replacing them with the following:
>
> (a) In the event there is a transaction (or series of related transactions) (a "Transaction") pursuant to which Petra effectuates a merger, consolidation, reorganization, equity sale, asset sale or other business combination or similar acquisition transaction with or involving one or more potential target companies (each a "Target") or a Target's affiliate which qualifies as Petra's initial business combination as described in Petra's final prospectus, dated as of October 7, 2020 and filed with the U.S. Securities and Exchange Commission (File No. 333-240175) on October 13, 2020 that is consummated during the term of the LifeSci Engagement Letter (as extended under paragraph 5(a)), Petra shall pay LifeSci as compensation for investment banking and financial advisory services an advisory fee (the "M&A Advisory Fee") of three and one-half percent (3.5%) of the Total Consideration (as defined below). The M&A Advisory Fee shall be payable as follows:
>
> (i) Petra shall pay to LifeSci a cash fee equal to one percent (1.0%) of the Total Consideration in accordance with clause (b) below; and
>
> (ii) Petra shall issue to LifeSci (or another entity designated by LifeSci) equity interests in the post-Transaction surviving entity with value upon issuance to LifeSci equal to two and one half percent (2.5%) of the Total Consideration in accordance with clause (b) below.

Dobkin Decl. Ex. G.

14. The Amendment to Agreement also imposed a fee cap on LifeSci, limiting its success fees under the Amendment to Agreement and the BCMA to a maximum of $2,650,000 in cash and $2,650,000 in common stock in Petra. Dobkin Decl. at ¶ 12 and Ex. H (Item 1.01).

4

15. On September 17, 2021, Petra also filed a Registration Statement with the SEC to register 10,500,000 shares of common stock for issuance to the equity holders in Old Revelation. Dobkin Decl. at ¶ 13 and Ex. I.

16. The filing explained, among other things, the intended structure of the merger: Petra would create a wholly-owned subsidiary, the "merger sub," which would merge with Old Revelation; Old Revelation would survive the merger as a wholly-owned subsidiary of Petra; and Petra would be renamed "Revelation Biosciences, Inc.," which is the defendant in this action. Dobkin Decl. at ¶ 14 and Ex. I at Proposal 1.

17. The services LifeSci provided to Petra under the BCMA and under the LifeSci Engagement Letter (as amended) are set out in the "Background of the Business Combination" section. Dobkin Decl. at ¶ 15 and Ex. J. at Excerpt No. 1.

18. The section describes the work that LifeSci did, culminating in the Merger Agreement, and discusses other target companies LifeSci introduced to Petra. *Id.*

19. The section disclosed that Paul Yook, the Managing Partner of LifeSci Venture Partners II, a LifeSci affiliate *and* existing investor in Old Revelation, introduced Old Revelation as a potential merger target to plaintiff LifeSci's David Dobkin. *Id.*

20. The section also disclosed that Dobkin advised Petra's Board of Directors of this connection and possible conflict, and that the independent members, advised by counsel, determined that Petra would need to have "a third party valuation expert render a fairness opinion regarding the transaction with [Old] Revelation." An independent member of the Board recommended, and Petra's CEO retained, Scalar, LLC to perform this task. Subsequently, Dobkin recused himself from certain discussions and abstained from certain votes relating to the transaction. *Id.*

21. Scalar rendered its fairness opinion to Petra's Board on September 17, 2021, concluding that "the consideration payable to the shareholders of [Old Revelation] was fair, from a financial point of view, to the holders of shares of Petra." Ex. J. at Excerpt No. 2. The disinterested members of Petra's Board voted unanimously in favor of the merger. Dobkin Decl. at ¶ 16 and Ex. J at p. 107.

22. A special meeting of Petra stockholders to vote on the proposed merger took place on January 6, 2022. On the proposal to approve the merger, stockholders holding 4,773,067 shares (representing 98% of the shares voted) voted in favor the transaction; only 111,070 shares were voted against. Dobkin Decl. at ¶ 17 and Ex. K.

23. On January 10, 2022, Old Revelation completed the business combination with Petra, with defendant Revelation being the surviving company. The 10,500,000 shares of common stock in the new company (defendant Revelation) that Petra had registered were transferred to, or reserved for, the equity investors in Old Revelation. Dobkin Decl. at ¶ 18 and Ex. L.

24. LifeSci's interest in seeing the Business Combination close was fully disclosed to Shareholders in the Prospectus. *See* Proxy Statement for Special Meeting of Petra Acquisition Inc. and Prospectus (Rule 424B3) (filed December 16, 2021) at pp. 8-11; 27-28, 81, 90, 103, 113-117, 122, 244-45.

https://www.sec.gov/Archives/edgar/data/1810560/000121390021065679/f424b31221_petraacq.htm

25. Also on January 10, 2022, Revelation and LifeSci agreed to defer the payment of its fees. The terms of deferral were set out in a certain letter agreement dated January 10, 2022,

the "Deferral Letter." Dobkin Decl. at ¶ 19 and Ex. M. In the letter, Revelation also acknowledged its obligations to LifeSci under the prior agreements:

> Except as expressly modified in this letter agreement, all of the terms and provisions of the Underwriting Agreement, BCMA and M&A Fee Agreement remain unchanged and in full force and effect.

26. Under the Deferral Letter, Petra and LifeSci (and others) agreed to defer payment of the deferred underwriting commissions under the BCMA due to LifeSci of $1,528,411.71 and the cash M&A Fee due to LifeSci under the Amendment to Agreement in the amount of $1,050,000 to the earlier of 6 months or the surviving company's completion of a post-Merger debt or equity financing. Dobkin Decl. at ¶ 20 and Ex. M.

27. On January 25, 2022, Revelation (post-Merger) closed a $7.76 million equity financing. Dobkin Decl. at ¶ 21 and Ex. N; Complaint ¶ 47; Answer ¶ 47.

28. The closing of that January 25, 2022 equity financing satisfied the condition precedent for Revelation's obligation to pay LifeSci the $1,528,411.71 and $1,050,000 due under the Deferral Letter. Dobkin Decl. ¶ 22.

29. Revelation refused to pay LifeSci the $1,528,411.71 due under the Deferral Letter or the $1,050,000 Cash M&A Fee due under the Amendment to Agreement. Dobkin Decl. at ¶ 22; Complaint ¶ 49; Answer ¶ 49. The combination of these two fees is below the cap set by Section 6 of the Amendment to Agreement (Dobkin Ex. G).

30. Revelation (post-Merger) also failed to issue to LifeSci the Equity Compensation due to LifeSci under the Amendment to Agreement (Dobkin Ex. G), which was to equal 2.5% of the Total Consideration, as defined in § 2(b) of the Amendment to Agreement. Dobkin Decl. ¶ 23. The definition of Total Consideration is: "the total market value of, without duplication, all cash, securities, debt or other property paid or transferred at the closing of a Transaction by or to

7

the Target or the Target's shareholders or to be paid or transferred in the future to the Target's shareholders with respect to such Transaction."

31. The pre-money valuation of Old Revelation was $105,000,000. Dobkin Decl. ¶ 23.

32. The equity component under the Amendment to Agreement (Dobkin Ex. G) is thus calculated as follows: 2.5% of $105,000,000 (which is the pre-money value of the 105,000,000 shares issued to Old Revelation's equity holders), or $2,265,000. Dobkin Decl. ¶ 23.

Dated: New York, New York
       June 22, 2022

          SOLOMON & CRAMER LLP
          *Attorneys for Plaintiff LifeSci Capital LLC*

          By:   /s/Andrew T. Solomon
                 Andrew T. Solomon
                 asolomon@solomoncramer.com

          25 West 39th Street, 7th Floor
          New York, NY 10018
          (212) 884-9102